UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC DEVRIES,<br><br>  Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br><br>  Defendant. | Case No. 1:20-cv-1213 |

## COMPLAINT AND JURY DEMAND

Plaintiff Eric DeVries, by and through his counsel, Westbrook Law PLLC, for his Complaint against Defendant Specialized Loan Servicing LLC, states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*; and Michigan Mortgage Brokers, Lenders and Servicers Licensing Act ("MBLSLA"), M.C.L. § 445.1651 *et seq.* due to Defendant's repeated and abusive collection-related telephone calls unlawfully placed to Plaintiff's cellular telephone number and which caused actual harm to Plaintiff.

2. Plaintiff further brings this action pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and MBLSLA, M.C.L. § 445.1651, due to Defendant's failure to comply with its loan servicing duties by furnishing payoff and servicing information to Plaintiff in response to his written requests for the same.

3. The TCPA prohibits a person or its agent from using an automatic dialing system or an artificial or prerecorded voice in placing or directing any telephone call to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private right of action and dictates a minimum award of damages in the amount of $500.00 per violation for non-willful violations and $1,500.00 per violation for willful or knowing violations. 47 U.S.C. § 227(b)(3).

4. The MRCPA prohibits a person engaged in collection of a debt from using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously or at unusual times or places which are known to be inconvenient to the debtor. M.C.L. § 445.252(n). The MRCPA provides a private right of action and dictates a minimum award of damages in the amount of $50.00 per violation for non-willful violations and $150.00 per violation for willful violations. M.C.L. § 445.257.

5. The MBLSLA provides an independent cause of action against mortgage loan servicers for failure to conduct their business in accordance with law. M.C.L. § 445.1672. Violations of the TCPA, MRCPA, Truth in Lending Act ("TILA"), and/or RESPA constitute actionable violations of the MBLSLA and entitle the prevailing plaintiff to actual damages or statutory damages of $250 per violation and attorney fees. M.C.L. § 445.1681.

THE PARTIES

6. Plaintiff Eric DeVries is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the MRPCA.

7. Defendant Specialized Loan Servicing LLC ("SLS") is a mortgage loan servicer with a principal place of business in Highlands Ranch, Colorado.

8. SLS acted and acts in the State of Michigan to collect debts incurred for personal, family, or household purposes. Defendant is a "regulated person" as that term is defined and used in the MRCPA. M.C.L. § 445.251(g).

9. SLS is a "licensee" as that term is defined and used in the MBLSLA, M.C.L. § 445.1651a(n), because SLS is licensed as a servicer of first home mortgage loans in the State of Michigan (license no. FR-0020429) as well as second home mortgage loans (license no. SR-0011889).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227, and 12 U.S.C. § 2605. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

11. Venue is appropriate in this Court because the conduct complained of took place within this district.

## FACTUAL ALLEGATIONS

12. Plaintiff obtained a home loan from Wells Fargo in November of 2002, resulting in a debt (the "Debt").

13. The Debt was a "debt" as that term is used in the FDCPA and MRCPA, because it was incurred for personal and household purposes—to secure housing for Plaintiff—and not for any commercial purpose.

14. Wells Fargo was a "lender" and "creditor" as those terms are defined in RESPA because it was regulated by the U.S. Department of Housing and Urban Development and because it made or invested in residential real estate loans aggregating more than $1,000,000 per year.

15. The Debt was a "federally related mortgage loan" as defined in RESPA and Regulation X, 12 C.F.R. § 1024.2(b), because it was made by Wells Fargo and was secured by a lien on Plaintiff's home, which was residential real property.

16. SLS became the servicer of the Debt in March of 2019. Thereafter, SLS was a "servicer" as that term is used in TILA.

17. SLS subsequently began to collect payments on the Debt on behalf of Wells Fargo.

18. In its collection efforts, SLS began making repeated calls to Plaintiff immediately upon becoming the new servicer of the Debt.

19. In September of 2019, Plaintiff filed a lawsuit against SLS under the TCPA based on allegations that Defendant unlawfully placed numerous prerecorded voice calls to his cellular phone, *DeVries v. Specialized Loan Servicing LLC*, No. 1:19-cv-00708-RJJ-RSK (W.D. Mich.).

20. Plaintiff and SLS settled the 2019 lawsuit and a stipulation to dismiss the case was entered by the court on April 9, 2020.

21. SLS continued servicing the Debt after dismissal of the 2019 lawsuit.

22. On April 22, 2020, Plaintiff sent SLS a written request for a payoff statement regarding the Debt ("Payoff Request"). The Payoff Request recited the account number for the Debt, contained Plaintiff's name and address, and specifically requested that a payoff statement be mailed to Plaintiff's home address.

23. The Payoff Request was mailed by Plaintiff to SLS's designated address for receipt of payoff requests, P.O. Box 636005, Littleton, Colorado 80163-6005.

24. SLS received the Payoff Request on April 27, 2020.

25. TILA requires a "creditor or servicer of a home loan" to "send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." 15 U.S.C. § 1639g.

26. SLS never provided a payoff balance to Plaintiff in response to the Payoff Request.

27. Plaintiff disputed several fees and charges that SLS and Wells Fargo had added to the Debt and undertook to obtain SLS's records regarding those fees and charges through written requests for information.

28. Plaintiff sent requests for information to SLS on May 3, 2020 and June 26, 2020 ("Account Notes Requests").

29. The Account Notes Requests: (1) specifically requested servicing information held by SLS; (2) contained sufficient information, including Plaintiff's name, address, and loan number, for SLS to identify the account in question; and (3) were mailed to SLS's designated address for receipt of requests for information, P.O. Box 630147, Littleton, Colorado 80063-6005.

30. SLS received the Account Notes Requests.

31. In response to each Account Notes Request, SLS refused to send to Plaintiff any servicing information regarding the Debt.

32. On August 14, 2020, Plaintiff sent to SLS an additional request for servicing information regarding the fees included in the Debt ("Fee Detail Request"). The Fee Detail Request: (1) specifically requested servicing information held by SLS; (2) contained sufficient information, including Plaintiff's name, address, and loan number, for SLS to identify the account in question; and (3) was mailed to SLS's designated address for receipt of requests for information, P.O. Box. 630147, Littleton, Colorado 80063-6005.

33. SLS received the Fee Detail Request.

5

34. In response to the Fee Detail Request, SLS refused to send to Plaintiff any of the requested servicing information regarding the Debt.

35. In April of 2020, following dismissal of the 2019 lawsuit, SLS began placing calls to Plaintiff's cellular telephone ending in 5401 (the "5401 Number").

36. Plaintiff pays monthly for cellular service, including voice, text, and voicemail services, to the 5401 Number.

37. Calls SLS placed to Plaintiff following April 9, 2020 were made using an automated telephone dialing system.

38. Some or all calls SLS placed to Plaintiff following April 9, 2020 used a prerecorded or automated voice.

39. Plaintiff did not wish to receive automated calls of any nature from SLS.

40. On April 24, 2020, Plaintiff telephoned SLS and spoke with an employee or agent of Defendant regarding the Debt account.

41. During the April 24, 2020 call, Plaintiff explicitly revoked consent for Defendant to place automated calls to the 5401 Number.

42. Plaintiff stated during the call, upon Defendant's agent's request for the best contact number for Plaintiff, "you have my number, it's [XXX-XXX]-5401; however, I revoke consent for you guys to call me on your automated dialing robocall system."

43. Defendant's agent replied, "ok. Sir, I will notate the account from our conversation today."

44. SLS received Plaintiff's demand that the automated calls from SLS to the 5401 Number be stopped.

6

45. SLS did not cease placing automated calls to the 5401 Number after the April 24, 2020 call between Plaintiff and SLS.

46. SLS's employee received and understood Plaintiff's demand that the automated calls from SLS to Plaintiff's phone number be stopped.

47. SLS never communicated to Plaintiff that his requests that SLS's automated calls to Plaintiff's phone be stopped needed to be communicated to a different employee or department.

48. Any consent Plaintiff had ever provided to SLS or its predecessor(s) to place automated calls and messages to him were unequivocally and clearly revoked on April 24, 2020.

49. Any consent by Plaintiff to receive automated calls and messages to his phone numbers from SLS was revoked by a reasonable means on April 24, 2020.

50. Plaintiff never gave SLS his consent to place automated calls or messages to him at any time during or after the April 24, 2020 call.

51. Following April 24, 2020, Plaintiff has received dozens of prerecorded voice calls from SLS to the 5401 Number. The prerecorded and automated nature of the calls is apparent from the identical sound and content of voicemail messages left by SLS following the placement of these calls.

52. After April 24, 2020, SLS placed the following calls to Plaintiff at the 5401 Number:

| Call Date | Call Time | Originating Phone Number |
| --- | --- | --- |
| May 6, 2020 | 1:27 p.m. | (800) 306-6062 |
| May 7, 2020 | 11:31 a.m. | (800) 306-6062 |
| May 8, 2020 | 7:15 p.m. | (800) 315-4757 |

| May 12, 2020 | 6:08 p.m. | (800) 315-4757 |
| --- | --- | --- |
| May 14, 2020 | 2:59 p.m. | (800) 306-6062 |
| June 16, 2020 | 12:05 p.m. | (800) 306-6062 |
| July 7, 2020 | 5:05 p.m. | (800) 315-4757 |
| July 9, 2020 | 10:48 a.m. | (800) 306-6062 |
| July 13, 2020 | 4:17 p.m. | (800) 306-6062 |
| July 15, 2020 | 4:56 p.m. | (800) 306-6062 |
| July 17, 2020 | 3:27 p.m. | (800) 306-6062 |
| July 18, 2020 | 2:16 p.m. | (800) 306-6062 |
| July 21, 2020 | 9:02 a.m. | (800) 306-6062 |
| July 21, 2020 | 3:06 p.m. | (800) 306-6062 |
| July 27, 2020 | 8:59 a.m. | (800) 306-6062 |
| July 27, 2020 | 12:07 p.m. | (800) 306-6062 |
| July 28, 2020 | 9:59 p.m. | (800) 306-6062 |
| July 29, 2020 | 10:45 a.m. | (800) 306-6062 |
| July 30, 2020 | 10:15 a.m. | (800) 306-6062 |
| July 31, 2020 | 10:23 a.m. | (800) 306-6062 |
| August 1, 2020 | 12:05 p.m. | (800) 306-6062 |
| August 12, 2020 | 10:48 a.m. | (800) 306-6062 |
| August 14, 2020 | 4:41 p.m. | (800) 306-6062 |
| August 15, 2020 | 1:18 p.m. | (800) 306-6062 |
| August 15, 2020 | 2:58 p.m. | (800) 306-6062 |

| | | |
|---|---|---|
| August 19, 2020 | 5:25 p.m. | (800) 306-6062 |
| September 15, 2020 | 5:55 p.m. | (800) 315-4757 |
| September 19, 2020 | 10:23 a.m. | (800) 306-6062 |
| September 20, 2020 | 6:01 p.m. | (800) 306-6062 |
| September 22, 2020 | 9:32 a.m. | (800) 306-6062 |
| September 24, 2020 | 9:14 a.m. | (800) 306-6062 |
| September 24, 2020 | 2:05 p.m. | (800) 306-6062 |
| September 26, 2020 | 12:56 p.m. | (800) 306-6062 |
| September 30, 2020 | 5:49 p.m. | (800) 306-6062 |
| October 9, 2020 | 4:30 p.m. | (800) 315-4757 |
| October 10, 2020 | 1:14 p.m. | (800) 306-6062 |
| October 10, 2020 | 2:54 p.m. | (800) 306-6062 |
| October 13, 2020 | 7:12 p.m. | (800) 315-4757 |
| October 15, 2020 | 3:22 p.m. | (800) 315-4757 |
| October 21, 2020 | 9:47 a.m. | (800) 306-6062 |
| October 23, 2020 | 9:22 a.m. | (800) 306-6062 |
| October 27, 2020 | 9:28 a.m. | (800) 306-6062 |
| October 28, 2020 | 5:41 p.m. | (800) 306-6062 |
| October 29, 2020 | 3:39 p.m. | (800) 306-6062 |
| October 30, 2020 | 10:10 a.m. | (800) 306-6062 |
| October 31, 2020 | 10:56 a.m. | (800) 306-6062 |
| October 31, 2020 | 2:44 p.m. | (800) 306-6062 |

| November 12, 2020 | 9:17 a.m. | (800) 315-4757 |
| November 16, 2020 | 5:59 p.m. | (800) 306-6062 |
| November 18, 2020 | 6:50 p.m. | (800) 306-6062 |
| November 23, 2020 | 2:51 p.m. | (800) 306-6062 |
| November 25, 2020 | 8:25 a.m. | (800) 306-6062 |
| November 27, 2020 | 10:14 a.m. | (800) 306-6062 |
| December 1, 2020 | 2:41 p.m. | (800) 306-6062 |

53. SLS placed at least four additional calls to Plaintiff at the 5401 Number after December 1, 2020.

54. Each of the calls listed above resulted in a prerecorded voice message being left on Plaintiff's voicemail service.

55. Each of the prerecorded voice messages left as a result of the foregoing calls was identical to other voice messages left by SLS after calls placed to the 5401 Number; i.e., none of the voice messages was unique or used a non-prerecorded human voice.

56. Each of the calls listed above was placed using a telephone system that dials stored numbers without human intervention.

57. Each of the calls listed above was placed using an "automatic telephone dialing system" as that term is defined in 47 U.S.C. § 227.

58. After April 24, 2020, each of SLS's automated calls placed to the 5401 Number was a violation of the TCPA's prohibition of calls to cellular numbers "using any automatic telephone dialing system or an artificial or prerecorded voice." 45 U.S.C. § 227(b)(1)(A).

59. Following Plaintiff's clear and unequivocal revocation of consent on April 24, 2020, each of SLS's automated calls directed to the 5401 Number after April 24, 2020 was a willful violation of the TCPA.

60. The purpose of each call by SLS was attempted collection of the Debt from Plaintiff.

61. Each of SLS's automated calls directed to the 5401 Number after April 24, 2020 violated the prohibition in the MRCPA of using a "harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring … repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor." M.C.L. § 445.252(n).

62. Each of SLS's automated calls directed to the 5401 Number after April 24, 2020 violated the prohibition in the MBLSLA against failing to conduct the business of a mortgage servicer "in accordance with law, this act, or a rule promulgated or order issued under this act." M.C.L. § 445.1672(a).

63. SLS's repeated, automated calls directed to the 5401 Number caused Plaintiff substantial annoyance and distraction and interfered with Plaintiff's use of his telephone equipment and telephone line.

64. SLS's repeated, prerecorded voicemail messages left after placement of calls directed to the 5401 Number occupied and cluttered the limited space allotted to Plaintiff in his voicemail inbox, rendering Plaintiff's use of his voicemail service cumbersome, inconvenient, and otherwise time-consuming.

65. SLS's automated calls directed to the 5401 Number caused Plaintiff substantial annoyance, stress, distraction, inconvenience, embarrassment, and wasted time.

## COUNT I – TCPA, 45 U.S.C. § 227(b)(1)

66. Plaintiff incorporates the preceding paragraphs herein by reference.

67. SLS violated the TCPA at least 60 times by directing automated calls to Plaintiff's cellular phone number after April 24, 2020.

68. SLS's TCPA violations were willful and/or knowing.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

a. An injunction prohibiting SLS from placing automated calls and calls using prerecorded messages to Plaintiff's cellular phone number in violation of the TCPA pursuant to 47 U.S.C. § 277(b)(3)(A);

b. Statutory damages pursuant to 47 U.S.C. § 277(b)(3)(B) and treble damages; and

c. Such further relief as the Court deems just and proper.

## COUNT II – MRCPA, M.C.L. § 445.257

69. Plaintiff incorporates the preceding paragraphs herein by reference.

70. Because of their frequency and persistence, SLS's collection-related automated calls to Plaintiff after April 24, 2020 were harassing, oppressive, and abusive and violated the MRCPA.

71. SLS's violations of the MRCPA were willful.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

a. Treble actual and statutory damages pursuant to M.C.L. § 445.257;

b. Statutory costs and reasonable attorney fees pursuant to M.C.L. § 445.257; and

c. Such further relief as the Court deems just and proper.

### COUNT III – RESPA, 12 U.S.C. § 2605

72. Plaintiff incorporates the preceding paragraphs herein by reference.

73. RESPA requires that, in response to a request for information, a mortgage loan servicer must provide the requested servicing information to the debtor or notify the debtor that the requested information is unavailable after a reasonable investigation. 12 C.F.R. § 1024.36(d); 12 U.S.C. § 2605(k)(1)(E).

74. The Account Notes Requests and Fee Detail Request each constituted a "request for information" and "qualified written request" as those terms are used in RESPA and Regulation X.

75. SLS did not respond to the Account Notes Requests or the Fee Detail Request by producing the requested servicing information or notifying Plaintiff that the requested information was unavailable after a reasonable investigation.

76. SLS violated RESPA and Regulation X.

77. SLS's failure to produce the requested information deprived Plaintiff of information to which he was legally entitled and prevented Plaintiff from asserting his legal rights.

78. Specifically, Plaintiff's ability to dispute charges and provide SLS with a detailed notice of error was rendered impossible in the absence of SLS's compliance with RESPA and Regulation X, resulting in SLS's continued demands for unjustified fees in connection with the Debt and inaccurate credit reporting regarding Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment enter against SLS specifying the following relief:

    a. Actual damages pursuant to 12 U.S.C. § 2605(f)(1)(A);

    b. Additional damages pursuant to 12 U.S.C. § 2605(f)(1)(B); and

    c.    Statutory costs and reasonable attorney fees pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT IV – MBLSLA, M.C.L. § 445.1681

79.    Plaintiff incorporates the preceding paragraphs herein by reference.

80.    Violations of the TCPA constitute violations of the MBLSLA under M.C.L. § 445.1672(a) for which a private right of action is provided in M.C.L. § 445.1681.

81.    SLS violated the MBLSLA each time it placed an automated call to Plaintiff's 5401 Number subsequent to April 24, 2020.

82.    A servicer's violations of TILA through failure to provide a properly requested payoff statement, 15 U.S.C. § 1639g, constitute violations of the MBLSLA under M.C.L. § 445.1672(a) for which a private right of action is provided in M.C.L. § 445.1681.

83.    SLS violated the MBLSLA by failing to timely respond to Plaintiff's Payoff Request as required by 15 U.S.C. § 1639g.

84.    SLS's failure to timely respond to Plaintiff's Payoff Request has caused actual harm to Plaintiff, including hampering his ability to obtain refinancing of the Debt on terms more favorable than the current terms.

85.    A servicer's violations of RESPA through failure to provide properly requested servicing information constitute violations of the MBLSLA under M.C.L. § 445.1672(a) for which a private right of action is provided in M.C.L. § 445.1681.

86.    SLS's failure to provide servicing records requested by Plaintiff in the Account Notes Requests and Fee Detail Request violated the MBLSLA.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

    a.    Actual and statutory damages pursuant to M.C.L. § 445.1681(c);

b. A declaration that SLS's automated calls placed to the 5401 Number violated the MBLSLA;

c. An injunction prohibiting SLS from placing automated calls and calls using prerecorded messages to Plaintiff's cellular phone number in violation of the MBLSLA;

d. Costs and reasonable attorney fees pursuant to M.C.L. § 1681(c); and

e. Such further legal and equitable relief as the Court deems just.

                Respectfully submitted,

Dated:  December 16, 2020

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Eric DeVries, by and through his counsel, hereby demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

Dated:  December 16, 2020

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net